```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


ALLEN CARR                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 5:10-cv-95

CITY OF YAZOO CITY, MISSISSIPPI, ET AL.            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Allen Carr's motion to remand **(docket entry 12)**.  Having carefully considered the motion and the defendants' response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Allen Carr, filed a complaint in the Circuit Court of Yazoo County on May 4, 2010.  Defendants Yazoo City, Hattie Williams, MacArthur Straughter, Roy Wilson (the Fire Chief of Yazoo City), Jack Varner, and Clifton Jones were served with process on May 10, 2010.  Defendant Sidney Johnson was served with process on May 17, 2010.  Defendant Mickey O'Reilly was never served with process.

On May 25, 2010, all named defendants in this action filed a Notice of Removal.  The Notice incorrectly states that service of process was made on defendant Mickey O'Reilly.  The Notice also incorrectly states that service was made on defendant Sidney Johnson on May 10, 2010.  The Notice of Removal incorrectly states that "a copy of all process and pleadings served upon Defendants as

required by 28 U.S.C. § 1446(a) [is attached] as Exhibit 'A'."  No copies of any process are attached.  The plaintiff asserts that the defendants' failure to attach a copy of all process is a defect in removal procedure which, if raised by a timely motion to remand, requires remand of this action to the state court.  The plaintiff filed a timely motion to remand.

> The statute governing the procedure for removal states:
>
> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 USC § 1446(a)(b).

The right to remove is purely statutory.  Lewis v. Rego Co., 757 F.2d 66, 68 (3rd Cir. 1985).  Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); McManus v. Glassman's

Wynnefield, Inc., 710 F.Supp. 1043, 1045 (E.D. Pa. 1989).  There is nothing in the removal statute that suggests that a district court has "discretion" to overlook or excuse prescribed procedures.  Defective removal procedure is a proper ground for remand.  Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1215 (3rd Cir. 1991); Employers Ins. of Wausau v. Certain Underwriters, 787 F.Supp. 165, 166 (W.D. Wis. 1992); Shamrock Oil & Gas, 313 U.S. at 108-09; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (stating that "all doubts [about removal] should be resolved in favor of remand."), cert. denied, 498 U.S. 1085 (1991).

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal.  Samuel v. Langham, 780 F.Supp. 424, 427 (N.D. Tex. 1992); see also, Fellhauer v. Geneva, 673 F.Supp. 1445, 1447 (N.D. Ill. 1987).  "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear."  Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D. R.I. 1986).  "The removing party bears the burden of showing that removal was proper."  Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch, 776 F.Supp. 437, 439 (E.D. Wis. 1991).  "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute."  Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981).

Based on the presumption against removal jurisdiction, and the Supreme Court's instruction that removal statutes are to be strictly construed, a number of courts have held that the failure to attach copies of all process served upon the removing defendants is a procedural defect requiring remand, if raised by the plaintiff in a timely motion to remand.  See Transfirst, LLC v. Norris, 2010 WL 4736824 *1-*2 (D. Colo. Nov. 16, 2010), and cases cited therein. However, in Covington v. Indemnity Ins. Co., 251 F.2d 930 (5th Cir. 1958), the Fifth Circuit found that the trial court properly allowed the defendant to cure the omission of certain state court papers from the removal notice because the defect was merely "modal and formal," not jurisdictional.  Id. at 932-33.  A more recent case, Yellow Transp., Inc. v. Apex Digital, Inc., 406 F.Supp.2d 1213 (D. Kan. 2005), suggests that the decision whether to allow the removing party to cure its failure to file state court records within the required time period should be committed to the discretion of the district court.  Id. at 1218.

In Presnell v. Cottrell, Inc., 2009 WL 4923808 (S.D. Ill. Dec. 14, 2009), the district court approached the issue in light of the purpose of the procedural requirement:

> The omission of documents required to be filed with the notice of removal does not require remand if the Court is able to determine its jurisdiction from the documents filed and the plaintiff is not prejudiced by the omission.  The requirement in 28 U.S.C. § 1446(a) that the removing defendant file copies of all process, pleadings and orders is "obviously intended to provide the district court with the record materials necessary to

>   enable the court and the litigants to delineate the issues to be tried." [Riehl v. National Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir. 1967).]  If the filings are sufficient to accomplish this purpose, the omission of a copy of the summons from the notice of removal is a curable, technical defect that does not require remand. ... Furthermore, the omission of a summons presumably causes no prejudice to the plaintiff, who originally prepared the summons and knows its content. ...

Id., *4 (additional citations omitted).

This Court finds, like the district court in Presnell, that "the omission of the process from the Notice of Removal is a minor defect in light of the purpose of the removal filing requirements and the fact that there is no dispute over the timeliness of the notice." Id. at *5.  The Court also agrees that "[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance."  Riehl, 374 F.2d at 742.

The Court finds that the plaintiff was not prejudiced by the defendants' failure to attach copies of process to the Notice of Removal.  On or about June 1, 2010, the plaintiff received the summons returns for the six defendants who were served with process, and filed the returns with the clerk of court on June 3, 2010, within the time period for removal and cure.  The fact that the process was filed by the plaintiff and not the defendants is of no consequence inasmuch as the plaintiff had the actual proofs of service, and was not prejudiced.

The Court also finds that the erroneous statements that service of process was made on defendant Mickey O'Reilly, and that

service was made on defendant Sidney Johnson on May 10, 2010, neither prejudiced the plaintiff nor misled the Court, and are of no consequence.  The Court therefore finds that the plaintiff's motion to remand is not well taken.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Allen Carr's motion to remand **(docket entry 12)** is DENIED.

SO ORDERED, this the 21st day of April, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
