```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

ALLEN CARR                                              PLAINTIFF

VS.                      CIVIL ACTION NO.: 5:10-cv-95(DCB)(RHW)

CITY OF YAZOO CITY, MISSISSIPPI,
MCARTHUR STRAUGHTER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS THE MAYOR OF
YAZOO CITY, MISSISSIPPI; THE FIRE CHIEF
OF YAZOO CITY, MISSISSIPPI, IN HIS
INDIVIDUAL CAPACITIES; SIDNEY JOHNSON, IN
HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND BOARD OF ALDERMEN OF YAZOO CITY,
MISSISSIPPI; JACK VARNER; HATTIE WILLIAMS;
MICKEY O'REILLY AND CLIFTON JONES, ALL IN
THEIR INDIVIDUAL CAPACITIES                            DEFENDANTS

                  MEMORANDUM OPINION AND ORDER

    This cause is before the Court on the defendants' Motion for Partial Summary Judgment **(docket entry 41)**, and on the plaintiff's Motion for Partial Summary Judgment **(docket entry 43)**.  Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

    The Complaint in this case was filed by Allen Carr in the Circuit Court of Yazoo County, Mississippi, and removed to this Court by the defendants.  The plaintiff was hired by the Yazoo City Fire Department as a fireman in April of 1995.  In January of 2008, the Fire Chief retired.  The Yazoo City Board of Aldermen appointed Roy Wilson as interim Fire Chief, and hired an independent contractor, Sidney Johnson, to act as a consultant and to oversee

the Fire Department. In March of 2009, Carr was terminated by the Yazoo City Board of Aldermen. In his Complaint, Carr alleges that he was terminated in retaliation for exercising his First Amendment rights to speak out on matters of public concern (Count II). He also claims that he was terminated in violation of Mississippi's Whistleblower Statute, Miss. Code Ann. § 25-9-171, et seq. (Count III). Carr's Complaint also includes a claim for defamation under Mississippi law (Count IV), a claim under state law for the negligent hiring, training and supervision of Johnson (Count V), and a claim under state law that Johnson's disciplinary actions against Carr were illegal (Count I). The defendants move for summary judgment on Counts I, IV, and V. The plaintiff moves for summary judgment on Count I.

In Count I, the plaintiff maintains that pursuant to the Yazoo City Ordinances, and the Rules and Regulations of the Yazoo City Fire Department, Sidney Johnson did not have legal authority to discipline or terminate employees of the Yazoo City Fire Department, since he was not the Fire Chief but was instead an independent contractor, and that Carr's termination was therefore void ab initio. The defendants contend that the plaintiff cannot maintain a private right of action based on City ordinances and Department regulations, and that, in any event, Carr's termination did not violate the ordinances or regulations. Both sides move for summary judgment on Count I, and neither side contends that there

are any genuine issues of material fact; therefore, the Court finds that this question can be decided as a matter of law.

The plaintiff submits the following pertinent ordinances from the Code of Ordinances of the City of Yazoo City, Mississippi:

Sec. 16-40. Department established.

> A fire department for the city is hereby established.

Sec. 16-41. Fire chief - Duties and powers.

> It shall be the duty of the chief of the fire department to ... have full and complete control and command of the fire department ....

Sec. 16-43. Fire chief to hire employees.

> All members of the fire department shall be employed by the chief of the fire department; provided, however, the names of applicants for employment shall be first submitted by the chief to the governing body and the approval and authorization thereof first obtained.

The plaintiff also submits the following pertinent regulations from the Rules and Regulations of the Yazoo City Fire Department:

Section I - Personnel

Officers

> 1. The Chief will be responsible for the supervision of all facets of the Fire Department, will prescribe all training, testing, and duty assignments for Fire Department personnel, and will have the authority to employ and discharge employees subject only to the approval of the Board of Mayor and Aldermen.
>
> 2. In the absence of the Chief, the Assistant Chief will perform the duties of the Chief. ...

The Mississippi Supreme Court has noted that "a mere violation of a statute or regulation will not support a claim where no

3

private cause of action exists." Tunica County v. Gray, 13 So.3d 826, 829 (Miss. 2009). Carr does not point to any evidence that the City ordinances and Department regulations in question were intended to benefit employees of the Fire Department such as the plaintiff. "Unless the legislative intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." Doe v. State ex rel. Miss. Dep't of Corrections, 859 So.2d 350, 355 (Miss. 2003)(quoting Hodgson v. Miss. Dep't of Corrections, 963 F.Supp. 776, 791 (E.D. Wis. 1997)).

The defendants also point out that it was the Board of Aldermen, not Sidney Johnson, who made the decision to terminate the plaintiff, and that they had full authority to do so based on Johnson's recommendation, or the recommendation of any other person. The City itself, not the courts, is "vested with final authority for determining whether its procedural requisites have been met, or if it pleases, waiving them." Thrash v. Mayor and Comm'rs of the City of Jackson, 498 So.2d 801, 807 (Miss. 1986). The Board's compliance with municipal procedural rules is not subject to review. Id. at 808. In addition, the plaintiff's claim is barred by the Mississippi Tort Claims Act ("MTCA"), which bars liability "arising out of the exercise of discretion in ... the hiring of personnel and, in general, the provision of adequate governmental services." Miss. Code Ann. § 11-46-0(1)(g). See

4

Blackston v. Epps, __ So.3d __, 2011 WL 2536484 (Miss. App. 2011); A.B. ex rel. C.D. v. Stone County School Dist., 14 So.3d 794, 799 (Miss. App. 2009).

The Court therefore finds that as to Count I, the defendants' motion for partial summary judgment shall be granted and the plaintiff's motion for partial summary judgment shall be denied.

The defendants also move for summary judgment on the plaintiff's Count V, which alleges that "Yazoo City, its Mayor and Board of Aldermen failed to properly supervise Mr. Johnson and improperly accorded him complete autonomy and absolute control over [the] Fire Department without proper exercise of the Board's approval process."  Complaint, ¶ 91.

The MTCA bars negligence claims against municipalities stemming from "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof."  Miss. Code Ann. § 11-46-9(1)(d).  Mississippi courts have consistently held that the hiring and supervision of personnel is a "discretionary function" for purposes of the MTCA exemption.  See, e.g., A.B. ex rel. C.D. v. Stone County School Dist., 14 So.3d 794, 799 (Miss. App. 2009), citing T.M. v. Noblitt, 650 So.2d 1340, 1344 (Miss. 1995).  Therefore, the plaintiff's Count V is barred by the MTCA as a matter of law, and summary judgment shall be granted in favor of the defendants.

5

Finally, the defendants move for summary judgment on the plaintiff's Count IV, against defendant Johnson, which asserts a claim for defamation under state law. Under Mississippi law, a defamation claim requires (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the publisher's part; and (4) special harm or actionability absent special harm. Moon v. Condere Corp., 690 So.2d 1191, 1195-96 (Miss. 1997).

Carr asserts that "Johnson placed notes in Mr. Carr's performance record alleging that Mr. Carr was spotted by fellow officers in a car on a roadside having inappropriate contact with a woman who was not his wife." Pl. Brief, p. 6. Carr also asserts that "Johnson placed documents in Mr. Carr's personnel records documenting that Mr. Carr had a mental disorder." Id.

Under Mississippi law, "an employer enjoys a qualified privilege when commenting on personnel matters to those who have a legitimate and direct interest in the subject matter of the communication." Bulloch v. City of Pascagoula, 574 So.2d 637, 642 (Miss. 1990). The plaintiff has the burden of overcoming a presumption that the statements were made in good faith. Esmark Apparel v. James, 10 F.3d 1156, 1162 (5th Cir. 1994).

In this case, defendant Johnson has met his initial burden of showing the absence of any genuine issue of material fact with respect to qualified privilege. The burden therefore shifts to the

6

plaintiff to "designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In order to meet his burden in this instance, Carr must present affirmative evidence demonstrating malice, bad faith, or abuse of the privilege. Eckman v. Cooper Tire & Rubber Co., 893 So.2d 1049, 1052 (Miss. 2005).

The plaintiff claims that "[t]he communication is unprivileged because Johnson is not an employee of Yazoo City, Carr's coworker[,] and has no legitimate interest or duty to make these reports as an independent contractor." Pl. Brief, p. 7. However, the qualified privilege extends to all "communications in which the person making it has an interest, or in reference to which he has a duty ... if made to a person or persons having a corresponding interest or duty," Eckman, 893 So.2d at 1052. This includes employers, employees, and independent contractors. See Grice v. FedEx Ground Package Sys., Inc., 925 So.2d 907, 912 (Miss. App. 2006). It is undisputed that one of the duties delegated to Johnson by Yazoo City was to make recommendations to the Board of Aldermen regarding personnel matters within the Fire Department. The Court therefore finds that Carr has not submitted any evidence demonstrating malice, bad faith, or abuse of the privilege, and that the defendants are entitled to summary judgment as a matter of law on the plaintiff's defamation claim.

Accordingly,

IT IS HEREBY ORDERED that the defendants' Motion for Partial Summary Judgment **(docket entry 41)** is GRANTED, and Counts I, IV and V of the plaintiff's Complaint are dismissed with prejudice;

FURTHER ORDERED that the plaintiff's Motion for Partial Summary Judgment **(docket entry 43)** is DENIED.

SO ORDERED, this the 1st day of May, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE