IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ALLEN CARR                                              PLAINTIFF

VS.                      CIVIL ACTION NO.: 5:10-cv-95(DCB)(RHW)

CITY OF YAZOO CITY, MISSISSIPPI,
MCARTHUR STRAUGHTER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS THE MAYOR OF
YAZOO CITY, MISSISSIPPI; THE FIRE CHIEF
OF YAZOO CITY, MISSISSIPPI, IN HIS
INDIVIDUAL CAPACITIES; SIDNEY JOHNSON, IN
HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND BOARD OF ALDERMEN OF YAZOO CITY,
MISSISSIPPI; JACK VARNER; HATTIE WILLIAMS;
MICKEY O'REILLY AND CLIFTON JONES, ALL IN
THEIR INDIVIDUAL CAPACITIES                            DEFENDANTS


                 MEMORANDUM OPINION AND ORDER

     This cause is before the Court on the defendants' Motion in

Limine To Exclude References To Claims Under the Mississippi

Whistleblower Protection Act **(docket entry 69)**.  Having carefully

considered the motion and response, the memoranda and the

applicable law, and being fully advised in the premises, the Court

finds as follows:

     The plaintiff was hired by the Yazoo City Fire Department as

a fireman in April of 1995.  In January of 2008, the Fire Chief

retired.  The Yazoo City Board of Aldermen appointed Roy Wilson as

interim Fire Chief, and hired an independent contractor, Sidney

Johnson, to act as a consultant and to oversee the Fire Department.

In March of 2009, Carr was terminated by the Yazoo City Board of

Aldermen.  Carr filed a complaint contesting his termination in the

Circuit Court of Yazoo County, Mississippi, which was removed to this Court by the defendants. Carr's Complaint originally included five counts. The Court previously granted summary judgment in favor of the defendants on Counts I, IV and V. The remaining counts are Count II, in which Carr alleges that he was terminated in retaliation for exercising his First Amendment rights to speak out on matters of public concern; and Count III, in which he claims that he was terminated in violation of Mississippi's Whistleblower Protection Act ("MWPA"), Miss. Code Ann. § 25-9-171, et seq.

In their present motion, the defendants seek exclusion of the plaintiff's MWPA claim, on grounds that "[t]here are no disputed facts that might permit Plaintiff to prevail at trial. Consequently, evidence and arguments on this claim are immaterial and likely to confuse the jury, and should be excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence." Def. Mot. ¶ 2.

The MWPA expressly limits its protection to persons who "report[] an alleged improper governmental action to a state investigative body." MISS. CODE ANN. § 25-9-173. The statute defines a "state investigative body" as "the Attorney General of the State of Mississippi, the State Auditor, the Mississippi Ethics Commission, the Joint Legislative Committee on Performance Evaluation and Expenditure Review or any other standing committee of the Legislature, or any district attorney of the State of

Mississippi." MISS. CODE ANN. § 25-9-171(g). The list is exhaustive. There is no provision of the statute extending protection to reports made to any other state agency or entity.

The plaintiff does not allege that he reported any improper act to a "state investigative body," or that any Municipal Defendant believed that he did so. Instead, Carr alleges that fire department head Sidney Johnson "thought I turned him in to PERS" on issues relating to Johnson's status as an independent contractor. Carr Depo. at 153-54; see also Carr Depo. at 130-32, 157, 159. "PERS" is an acronym for the Mississippi Public Employees' Retirement System, a government pension plan established under the Mississippi Code. It is not one of the government agencies listed under the definition of a "state investigative body." See MISS. CODE ANN. § 25-9-171(g). The plaintiff does not alleged or offer any proof that he reported any alleged misconduct to any other agency, or that anyone believed that he did so.

The Mississippi Supreme Court has taken a strict approach in construing the statutory requirement that the claimant report information to a "state investigative body." In Harris v. Mississippi Valley State University, 873 So.2d 970 (Miss. 2004), the court affirmed dismissal of a Whistleblower claim where information was divulged to a university curriculum committee, finding that the committee did not meet the statutory definition of a state investigative body. Id. at 987. Mississippi statutes are

to be interpreted in accordance with their plain language. <u>Lawson v. Honeywell Int'l, Inc.</u>, 75 So.3d 1024, 1027 n.4 (Miss. 2011). Here, the plain language of the MWPA limits its protections to certain state agencies and to no others.

In his response to the defendants' motion, the plaintiff acknowledges that "[t]he MWPA limits its protection to persons who report an alleged improper governmental action to a state investigative body." Pl. Resp. ¶ 4. He reiterates his allegation that Johnson believed the plaintiff reported him to PERS, but Carr does not contend that PERS is "a state investigative body." Instead, he submits a letter from the Executive Director of PERS to the Mayor of Yazoo City concerning Sidney Johnson's PERS status. The letter is dated May 29, 2009, and was copied to, among others, the State Auditor, demonstrating "PERS' communication with the Mississippi Auditor regarding Johnson's case." Pl. Resp. ¶ 8.

The fact that there was some communication between PERS and the State Auditor's office does not support Carr's Whistleblower claim. He does not allege that he reported Johnson to the State Auditor, or even to PERS. He merely alleges that Johnson thought the plaintiff reported him to PERS and expressed this belief to the plaintiff. Moreover, the May 29, 2009, letter which was copied to the State Auditor came some two months after Carr's termination. There is simply no evidence that the plaintiff reported anything to the State Auditor's office, or that anyone believed the plaintiff

reported anything to the State Auditor's office.

The plaintiff also objects that the facts alleged in his Whistleblower claim are relevant to his First Amendment claim. The defendants, in their reply memorandum, agree that their "motion does not seek to prevent Plaintiff from offering factual testimony about, for example, conversations in which alleged PERS violations were mentioned. Such statements may or may not prove relevant to the First Amendment claim, but they are not the subject of the present motion in limine." Def. Reply ¶ 2.

The Court finds that the defendants' motion seeking to bar the plaintiff or his counsel from referring to the MWPA claim itself, and from making any argument that the Municipal Defendants are liable to the plaintiff under the MWPA, is well taken. The viability of the plaintiff's MWPA claim has been thoroughly addressed and briefed by the parties. The Court, construing all factual allegations in the light most favorable to the plaintiff, finds that the plaintiff's MWPA claim is foreclosed as a matter of law. Any attempt to replead it would prove futile in that no set of facts could be pleaded by the plaintiff to state a cause of action in light of existing law. Count II shall therefore be dismissed.

Accordingly,

IT IS HEREBY ORDERED that the defendants' Motion in Limine To Exclude References To Claims Under the Mississippi Whistleblower

Protection Act **(docket entry 69)** is GRANTED, and the plaintiff and his counsel are barred from referring to the MWPA claim itself, and from making any argument that the Municipal Defendants are liable to the plaintiff under the MWPA;

FURTHER ORDERED that Count III, in which the plaintiff claims that he was terminated in violation of Mississippi's Whistleblower Protection Act, Miss. Code Ann. § 25-9-171, <u>et</u> <u>seq</u>., is dismissed as a matter of law.

SO ORDERED, this the 12th day of July, 2012.

<u>/s/ David Bramlette</u>
UNITED STATES DISTRICT JUDGE